NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
BARBARA MCRORY,                 :    Hon. Joseph H. Rodriguez
                                :
         Plaintiff,             :    Civil Action No. 06-3251
                                :
    v.                          :    OPINION
                                :
FRED ZAPPOLO, individually and t/a :
Zappolo Construction,           :
                                :
         Defendant.             :
_____:

**RODRIGUEZ,** SENIOR DISTRICT JUDGE**:**

This matter comes before the Court on Defendant Fred Zappolo's Motion for Summary Judgment[1] [Docket No. 9] pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court will deny the Motion.

**I. BACKGROUND FACTS AND PROCEDURAL HISTORY**

Barbara McRory ("Plaintiff") owns a vacation home located in Wildwood, New Jersey. On April 2, 2004, she entered into a contract with Fred Zappolo ("Defendant") under which the latter was to perform certain home renovations in exchange for

---

[1] While Defendant filed a Motion for Summary Judgment, the Court will treat it as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Baldwin v. Twp. of Union, Civ. No. 02-1822, 2005 U.S. Dist. LEXIS 37534 (D.N.J. Dec. 29, 2005) (analyzing a motion, inappropriately styled as one for summary judgment, as a motion to dismiss). The Court takes this action because Defendant does not actually identify or analyze the non-existence of disputed factual issues, which is the purpose of a motion for summary judgment. Instead, Defendant attacks the legal sufficiency of the claims stated in Counts One and Two of the Complaint. Such arguments are best considered through the prism of a motion to dismiss.

$100,485.  (Pl. Compl., ¶ 3; Pl. Br., p. 7.)  Though the written contract did not specify a completion date, Defendant allegedly indicated the work would be finished by September 2004.  (Pl. Br., p. 7.)

Needless to say, the renovation process did not go as planned.  Defendant began demolition of certain parts of the premises in June or July 2004.  (Id., p. 8.)  By the fall of 2004, Defendant had removed the second floor of the house.  (Id.)  He apparently covered the remaining structure with a tarp, which was its only protection from the elements throughout the winter of 2004 and 2005.  (Id.)  Plaintiff claims that between the fall of 2004 and spring of 2005, the property sustained serious interior and exterior water damage because it was left in this condition.  (Id.)

Work on the house resumed in the spring of 2005 when Defendant began framing the second floor and roof.  (Id., p. 9.)  However, this was apparently the only work completed between April and September 2005.  (Id.)

In September 2005, Plaintiff contacted another contractor who inspected her home and made several recommendations related to the renovation.  (Id., p. 10.)  Armed with these recommendations, Plaintiff wrote Defendant a letter dated October 17, 2005 in which she outlined the remaining work to be done and proposed a time line for the project's completion by December 31, 2005.  (See Pl. Br., Exh. G.)  She also stated that the remaining balance owed under the contract would be paid only upon the project's completion. (See id.)  Defendant replied by letter dated October 26, 2005 and indicated his willingness to resume working, but insisted that Plaintiff pay over at least some of the

remaining balance immediately. (See Pl. Br., Exh. H.) Plaintiff thereafter hired several new contractors to correct and complete the renovation work.[2] (Pl. Br., p. 10.)

On April 24, 2006, Plaintiff filed a three-count Complaint in New Jersey Superior Court. Count One alleges that Defendant engaged in various practices made unlawful by the New Jersey Consumer Fraud Act, N.J. STAT. ANN., §§ 56:8-1, *et seq*. and its implementing regulations. Count Two alleges that Defendant performed his work in a negligent manner and thereby damaged Plaintiff's property. Count Three asserts that Defendant breached his contract with Plaintiff.

On July 18, 2006, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. He now moves for dismissal of Counts One and Two. He argues regarding Count One that his contract with Plaintiff predates, and is therefore not governed by, the statute upon which Plaintiff bases her claim for relief. As to Count Two, Defendant asserts that Plaintiff cannot maintain a cause of action sounding in tort because he owes Plaintiff no duty independent of their contract.

## II. DISCUSSION

### A. Standard on a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can

---

[2] Plaintiff additionally contends that Defendant repeatedly mislead her on a variety of matters, used materials of lesser quality than those Plaintiff ordered, and attempted to charge her for "extras" that were actually included in the original contract. However, further elaboration on these facts is unnecessary to the resolution of this Motion.

3

prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A district court must accept any and all reasonable inferences derived from those facts.  Glenside West Corp. v. Exxon Co., U.S.A., Div. of Exxon Corp., 761 F. Supp. 1100, 1107 (D.N.J. 1991).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff.  See Scheuer, 416 U.S. at 236; Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

It is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the court simply asks whether the plaintiff can prove any set of facts in support of her claims that would entitle her to relief.  Seinfeld v. Becherer, 461 F.3d 365, 367 n.1 (3d Cir. 2006).  Therefore, in deciding a motion to dismiss, a court should look to the face of the pleadings and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the non-movant, the allegations state a legal claim. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.  Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

### B.  Analysis of Defendant's Motion

Defendant argues that Count One should be dismissed because his contract with Plaintiff predates, and is therefore not governed by, the statute upon which Plaintiff bases her claim for relief.  As to Count Two, he asserts that Plaintiff cannot maintain a cause of action sounding in tort because the sole duty he owes Plaintiff derives from their contractual relationship.  Each argument will be addressed in turn.

#### 1.  Count One will not be dismissed because the Consumer Fraud Act applies to the contract in this case.

Defendant contends that Count One should be dismissed because the "Unfair Trade Practices Statute, [N.J. STAT. ANN.] 56:8-1, *et seq.* (the 'UTP') does not apply to the contract between Plaintiff and [Defendant]." (Def. Br., p. 4.)  He elaborates that this statute applies only to contracts entered into on or after December 31, 2005.  (See id.)  Because the contract in this case was entered into on April 2, 2004, Defendant concludes that the UTP does not govern it.  (See id.)  As discussed below, however, Defendant is incorrect.

As an initial matter, the Court observes that there is no law in New Jersey called the Unfair Trade Practices Statute or UTP.[3]  Instead, New Jersey has a consumer protection law known as the Consumer Fraud Act ("CFA"),  N.J. STAT. ANN. §§ 56:8-1,

---

[3]   It is possible that Defendant's  mistaken belief to the contrary can be explained upon examination of Title 56 of New Jersey Statutes Annotated, which is labeled "Trade Names, Trade-Marks and Unfair Trade Practices."  Perhaps Defendant mistook the last three words of this label for the common name of the statutory provisions contained therein.

*et seq.* It is the CFA and its home improvement practices regulations, N.J. ADMIN. CODE §§ 13:45A-16, *et seq.*, that form the basis of Count One. (See Pl. Compl., ¶¶ 6, 8-11.)

The CFA took effect in the 1960s. See Cox v. Sears Roebuck & Co., 647 A.2d 454, 460 (N.J. 1994). Likewise, the home improvement practices regulations date back to the early 1980s. See 17 N.J. Rec. 679 (Mar. 18, 1985) (explaining that the home improvement practices regulations were originally promulgated in April 1980 and were re-adopted in March 1985). Moreover, New Jersey case law clearly demonstrates that the CFA and its implementing regulations apply to home improvement contracts entered into long before December 31, 2005. See, e.g., Cox, 647 A.2d at 457 (applying the CFA and its regulations to a home improvement contract entered into in August 1988).

Defendant nonetheless contends that dismissal is appropriate "to the extent that Plaintiff purports to state a cause of action under [N.J. STAT. ANN.] 56:8-151 because even Plaintiff concedes that this provision does not apply to the contract between Plaintiff and [Defendant]." (Def. Reply Br., p. 1.) This argument is a nonstarter, however, because Plaintiff does not purport to state a cause of action under that provision. (See generally Pl. Compl.; see also Pl. Br., p. 12.) Again, the sole statutory basis for Count One is the CFA. By contrast, section 56:8-151 was enacted in 2004 as part of a law called the Contractors' Registration Act ("CRA"). See N.J. STAT. ANN. §§ 56:8-136, *et seq.* While it is true that the CRA supplements the CFA, see 2004 N.J. ALS 16, the effective date of the CRA is irrelevant to a plaintiff's ability to bring a cause of action

6

under the CFA.  Under these circumstances, Defendant's Motion to Dismiss Count One must be denied.

> 2.  Count Two will not be dismissed because Defendant owed Plaintiff an independent legal duty, which Plaintiff alleges Defendant breached.

Defendant also moves for dismissal of Count Two.  In support, he argues that "[t]his action involves nothing more than an alleged breach of contract between [Plaintiff] and [Defendant] . . . ."  (Def. Br., p. 4.)  He notes, however, that Count Two contemplates a theory of tort liability based on his alleged negligence.  (See id., p. 5.)  This, Defendant concludes, is impermissible under New Jersey law because he owes Plaintiff no duty independent of those imposed by the contract itself.  (See id., p. 6.)  For the reasons discussed below, however, the Court disagrees.

"Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 280 (N.J. 2002); see also Int'l Minerals & Mining Corp. v. Citicorp N. America, Inc., 736 F. Supp. 587, 597 (D.N.J. 1990) ("It has long been the law that remedies in tort relating to a breach of contract may not be maintained in addition to those established under the contract itself in the absence of any independent duty owed by the breaching party to the plaintiff.").

Nonetheless, courts have acknowledged that "[t]he boundary line between tort and contract actions is not capable of clear demarcation."  New Mea Constr. Corp. v. Harper,

497 A.2d 534 (N.J. Super. Ct. App. Div. 1985).  Thus, New Jersey courts look to seven guidelines to assist in distinguishing between tort and contract claims:

> (1) Obligations imposed by law are tort obligations;
>
> (2) Tort obligations may not be disclaimable;
>
> (3) Misfeasance or negligent affirmative conduct in the performance of a promise generally subjects an actor to tort liability as well as contract liability for physical harm to persons and tangible things;
>
> (4) Recovery of intangible economic loss is generally determined by contract;
>
> (5) There is no tort liability for nonfeasance, i.e., for failing to do what one has promised to do in the absence of a duty to act apart from the promise made;
>
> (6) Duties of affirmative action are often imposed by law apart from the promises made;
>
> (7) Damages for a loss suffered by a promisee in reliance on a promisor to carry out a promise may be recoverable on a tort negligence theory.

Id. at 276 (citing W. PAGE KEETON ET AL., PROSSER & KEETON ON THE LAW OF TORTS, § 92, at 655 (5th ed. 1984)).

The Appellate Division analyzed these guidelines in New Mea Construction Corporation v. Harper, a case which arose when a builder sued homeowners in a contract action.  497 A.2d at 536.  The homeowners counterclaimed, alleging both breach of contract and negligence by the builder.  Id.  The crux of the negligence counterclaim was

8

that the builder failed to properly supervise construction, which resulted in the use of lesser quality material than specified by the contract. Id. at 539.

The court determined that the counterclaim sounded in contract only. Id. Referring to the first guideline, the court noted that the obligation to use materials specified by a contract was not an independent duty imposed by law. Id. The court also applied the fourth guideline and explained that the injury suffered was not the type ordinarily alleged in a tort case because "there was no personal injury or consequential property damage arising from a traumatic event." Id. Thus, the homeowners could not maintain their negligence counterclaim. See id.

Based on these principles, Count Two should not be dismissed. Rather, the obligation at issue is a legal duty, which supports Plaintiff's ability to pursue a negligence claim. Additionally, the nature of the injury allegedly sustained confirms that Count Two properly sounds in tort.

New Jersey law recognizes a general legal obligation to avoid damaging another person's property. See Black v. Borough of Atl. Highlands, 623 A.2d 257, 262 (N.J. Super. Ct. App. Div. 1993) (explaining that all members of society are required "to exercise due care to avoid injury to another's person or property" (quoting Rosenblum v. Adler, 641 A.2d 138, 144 (N.J. 1983))). Defendant undoubtedly owes Plaintiff this duty, independent and irrespective of their contractual relationship.

Additionally, the injury alleged in Count Two is commonly associated with tort cases. Specifically, Plaintiff claims that Defendant "caused *substantial damage to the*

9

*premises* requiring complete reconstruction, redrawing of plans and substantial additional costs over and above the amount contracted for with the defendant." (Pl. Compl., ¶ 2 (emphasis added).)  Thus, unlike in New Mea, wherein the homeowners alleged only intangible economic loss, Plaintiff in this case claims that Defendant caused consequential property damage to her home.  These allegations, combined with Defendant's duty to avoid causing such damage, sufficiently state a claim for relief.  The Court will therefore deny Defendant's Motion as to Count Two.

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss Counts One and Two of the Complaint [Docket No. 9].  An appropriate Order will be filed with this Opinion.

 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

DATED: October 29, 2007